J-S12004-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DONOVAN COSBY | : | |
| | : | |
| Appellant | : | No. 1500 EDA 2019 |

Appeal from the PCRA Order Entered April 18, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000617-2007

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DONOVAN COSBY | : | |
| | : | |
| Appellant | : | No. 1501 EDA 2019 |

Appeal from the PCRA Order Entered April 18, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000621-2007

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DONOVAN COSBY | : | |
| | : | |
| Appellant | : | No. 1502 EDA 2019 |

Appeal from the PCRA Order Entered April 18, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1008801-2005

J-S12004-20

BEFORE:   SHOGAN, J., McCAFFERY, J., and COLINS, J.*

MEMORANDUM BY SHOGAN, J.:                    **FILED MAY 12, 2020**

Appellant, Donovan Cosby, appeals from the order dismissing his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, in the above captioned cases.  We affirm.

The trial court set forth the history of this matter as follows:

> On August 21, 2007, [Appellant] entered into a negotiated guilty plea before this court to Involuntary Deviate Sexual Intercourse[2], Indecent Assault Person Less than 13 years of Age[3], Indecent Assault Person Less than 16 years of Age[4], [two counts of] Contact/Communication with a Minor[5], [two counts of] Corruption of Minors[6] and Rape[7].[1]  [Appellant] was sentenced to an aggregate term of fifteen (15) to thirty (30) years of imprisonment, followed by eight (8) years of probation and mandatory registration as a sex offender for ten (10) years under Megan's Law III[8] on March 7, 2008.  [Appellant] did not file a direct appeal.  On April 11, 2018, [Appellant] filed the instant *pro se* PCRA petition, his first, following the Pennsylvania Supreme Court decision in *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017) (retroactive application of the Sex Offender Registration and Notification Act (SORNA) is unconstitutional).[2]    In

---

* Retired Senior Judge assigned to the Superior Court.

[1] The certified records in these matters reflect that Appellant pled guilty at CP-51-CR-0000617-2007 to charges of contact/communication with a minor, corruption of minors, and indecent assault person less than 16 years of age, which crimes occurred on June 1, 2003.  With regard to CP-51-CR-0000621-2007, Appellant pled guilty to charges of involuntary deviate sexual intercourse and indecent assault person less than 13 years of age, which crimes occurred on August 1, 2004.  In addition, at CR-51-CR-1008801-2005, Appellant pled guilty to rape, contact/communication with a minor, and corruption of minors, which crimes occurred on January 1, 2001.

[2] Appellant filed a single *pro se* document listing all three of the trial court docket numbers.

accordance with Pa.R.Crim.P. 904, this court appointed J. Matthew Wolfe, Esquire, to represent [Appellant]. Counsel filed an Amended PCRA Petition on July 10, 2018.[3] On February 11, 2019, the Commonwealth filed a Motion to Dismiss claiming [Appellant's] PCRA petition was untimely. On March 19, 2019, this court, agreeing with the Commonwealth's position, issued a Notice of Intent to Dismiss pursuant to Pa.R.Crim.P. 907 ("907 Notice"). The petition was formally dismissed due to untimeliness on April 18, 2019.[4] [Appellant] filed a Notice of Appeal to the Pennsylvania Superior Court on May 17, 2019.[5] On May 21, 2019, this court issued an Order pursuant to Pa.R.A.P. 1925(b). [Appellant] filed a Statement of Matters Complained of on Appeal ("1925(b) Statement") on June 14, 2019.

> [2] 18 Pa.C.S. § 3123(a)(6).
>
> [3] 18 Pa.C.S. § 3126(a)(7).
>
> [4] 18 Pa.C.S. § 3126(a)(8).
>
> [5] 18 Pa.C.S. § 6318(a)(1).
>
> [6] 18 Pa.C.S. § 6301 (a)(1).
>
> [7] 18 Pa.C.S. § 3121(a)(1).
>
> [8] 42 Pa.C.S. §§ 9795.1-9799.4.

Trial Court Opinion, 7/30/19, at 1-2.

Appellant has filed with this Court three identical appellate briefs, except for the fact that each bears a different trial court docket number. The

---

[3] Appointed counsel filed an amended PCRA petition containing all three trial court docket numbers.

[4] Both the PCRA court's notice of intent to dismiss and the order dismissing the PCRA petition listed all three trial court docket numbers.

[5] Appellant filed three separate notices of appeal in compliance with *Commonwealth v. Walker*, 185 A.3d 969, 977 (Pa. 2018).

Commonwealth has not filed an Appellee's brief. On January 29, 2020, this Court entered an order consolidating the appeals *sua sponte*.

Appellant presents the following issue for our consideration:

1. Is the Appellant's sentence illegal as it requires that he comply with the registration requirements of Megan's Law III.

Appellant's Brief at 7.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Robinson*, 139 A.3d 178, 185 (Pa. 2016). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. *Commonwealth v. Lippert*, 85 A.3d 1095, 1100 (Pa. Super. 2014).

Appellant argues that he has been subjected to an illegal sentence. Appellant's Brief at 10. He observes that a challenge to the legality of a sentence may be raised as a matter of right and cannot be waived. *Id*.

Generally, it is correct that a challenge to the legality of a sentence cannot be waived. However, our Supreme Court has long held that an issue raising a claim of an illegal sentence remains subject to the timeliness restrictions of the PCRA. *See Commonwealth v. Fahy*, 737 A.2d 214, 223

- 4 -

(Pa. 1999) (stating that "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto"). Accordingly, Appellant must meet the requirements of the PCRA in order to have his claim reviewed.

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[6] ***See Commonwealth v. Perrin***, 947 A.2d 1284, 1286 (Pa.

---

[6] The exceptions to the timeliness requirement are:

> (i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA demands that the petitioner properly plead all required elements of the relied-upon exception).

As previously noted, Appellant's judgment of sentence was entered on March 7, 2009. However, Appellant did not file a direct appeal. Accordingly, Appellant's judgment of sentence became final on April 7, 2009,[7] thirty days after the time for filing a direct appeal with this Court expired. **See** 42 Pa.C.S. § 9545(b)(3) (providing that "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."); Pa.R.A.P. 903(a). Thus, Appellant had until

_____

> (ii)  the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)  the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

[7] We note that a notice of appeal needed to be filed on or before Monday, April 7, 2008, because April 6, 2008, was a Sunday. **See** 1 Pa.C.S. § 1908 (stating that, for computations of time, whenever the last day of any such period shall fall on Saturday or Sunday, or a legal holiday, such day shall be omitted from the computation).

April 7, 2009, to file a timely PCRA petition. Consequently, the instant PCRA petition, filed on April 11, 2018, is patently untimely.

As stated, if a petitioner does not file a timely PCRA petition, his petition may be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). If a petitioner asserts one of these exceptions, he must file his petition within sixty days of the date that the exception could be asserted.[8] 42 Pa.C.S. § 9545(b)(2).

In his *pro se* PCRA petition, Appellant argued that he has satisfied the third exception to the PCRA timeliness requirement. *Pro Se* PCRA Petition, 4/11/18, at 1. However, for the reasons discussed below, Appellant failed to satisfy the "newly recognized constitutional right" exception to the time-bar under Section 9545(b)(1)(iii) by arguing that the registration requirement imposed upon him is unconstitutional under our Supreme Court's decision in *Muniz*, 164 A.3d 1189 (holding SORNA's registration provisions are punitive and retroactive application of SORNA's provisions violates the *ex post facto* clause of the Pennsylvania Constitution).

_____

[8] On October 24, 2018, the General Assembly amended Section 9545(b)(2), extending the time for filing a petition from sixty days to one year from the date the claim could have been presented. 2018 Pa. Legis. Serv. Act 2018-146 (S.B. 915), effective December 24, 2018. The amendment applies only to claims arising one year before the effective date of this section, which is December 24, 2017, or thereafter. Here, Appellant's alleged claim arose on July 19, 2017, the date that the decision in *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017), was filed. Therefore, the amendment is inapplicable because the decision in *Muniz* preceded December 24, 2017.

Regarding this exception, our Supreme Court explained:

> Subsection (iii) of Section 9545(b)(1) has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time provided in this section. Second, **it provides that the right "has been held" by "that court" to apply retroactively**. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. **The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed**.

*Commonwealth v. Copenhefer*, 941 A.2d 646, 649-650 (Pa. 2007)

(quoting *Commonwealth v. Abdul-Salaam*, 812 A.2d 497, 501 (Pa. 2002))

(emphases added).

We have held that *Muniz* created a substantive rule of constitutional law that must apply retroactively in timely PCRA proceedings. *Commonwealth v. Rivera–Figueroa*, 174 A.3d 674, 678 (Pa. Super. 2017). Thereafter, in *Commonwealth v. Murphy*, 180 A.3d 402 (Pa. Super. 2018), *appeal denied*, 195 A.3d 559 (Pa. 2018), we stated the following:

> [W]e acknowledge that this Court has declared that, "*Muniz* created a substantive rule that retroactively applies in the collateral context." *Commonwealth v. Rivera-Figueroa*, 174 A.3d 674, 678 (Pa. Super. 2017). However, because Appellant's PCRA petition is untimely (unlike the petition at issue in *Rivera-Figueroa*), he must demonstrate that the Pennsylvania Supreme Court has held that *Muniz* applies retroactively in order to satisfy section 9545(b)(1)(iii). *See Abdul-Salaam*, *supra*. Because at this time, no such holding has been issued by our Supreme Court, Appellant cannot rely on *Muniz* to meet that timeliness exception.

*Murphy*, 180 A.3d at 405-406.  Thus, in *Murphy* we concluded that the substantive rule recognized in *Muniz* does not establish a timeliness exception to the PCRA.  *See also Commonwealth v. Greco*, 203 A.3d 1120, 1125 (Pa. Super. 2019) (vacating and remanding case where trial court entertained untimely PCRA petition stating that defendant did not have to comply with SORNA registration requirements).[9]  Hence, no exceptions apply to exempt Appellant from meeting the timeliness requirement of the PCRA.

In conclusion, because Appellant's PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the issues presented and grant relief.  *See Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition).  Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition.

Order affirmed.

_____

[9] Moreover, to the extent Appellant would have us ignore the holdings in *Murphy* and *Greco*, Appellant's Brief at 11, we observe that we must follow the decisional law established by our own Court.  *Commonwealth v. Santiago*, 980 A.2d 659, 666 n.6 (Pa. Super. 2009).  Unless or until *Murphy* and *Greco* are overturned by an *en banc* panel of this Court or by a decision of the Pennsylvania Supreme Court, they continue to be viable precedent for this Court and for the courts of common pleas.  *Id*.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 05/12/2020